

27

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

George Dimitrios Skrettas

Case:5:22-cv-11439
Judge: Levy, Judith E.
MJ: Grey, Jonathan J.C.
Filed: 06-20-2022 At 04:23 PM
CMP SKRETTAS V. U.S. DEPARTMENT OF
VETERANS AFFAIRS (DA)

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*

**v.**

U.S. Department of Veterans Affairs

*(Write the full name of each defendant who is being sued.  If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

## Complaint for a Civil Case

INCONSISTENT PAGE NUMBERS

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | George Dimitrios Skrettas |
| Street Address | 1540 King George Court |
| City and County | Ann Arbor, Washtenaw |
| State and Zip Code | Michigan 48104-6927 |
| Telephone Number | (734) 657-2499 |
| E-mail Address | Askinst7@yahoo.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Denis McDonough |
| Job or Title (if known) | Secretary U.S. Department of Veterans Affairs |
| Street Address | 810 Vermont Avenue. N/W. |
| City and County | Washington |
| State and Zip Code | District of Columbia 20420 |
| Telephone Number | |
| E-mail Address (if known) | Denis.McDonough@va.gov |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

Defendant No. 3

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address (if known) | _____ |

Defendant No. 4

| | |
|---|---|
| Name | _____ |
| Job or Title (if known) | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address (if known) | _____ |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

3

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

**A.**     **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

5 U.S.C.  § 7703(b)(2); see Perry v. Merit Systems Protection  Board,
582 U.S. _____ , 137 S. Ct. 1975 (2017)

**B.**     **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.     The Plaintiff(s)

a.     If the plaintiff is an individual
The plaintiff, *(name)* George Dimitrios Skrettas _____ ,
is a citizen of the State of *(name)* Michigan _____ .

b.     If the plaintiff is a corporation
The plaintiff, *(name)* _____ ,
is incorporated under the laws of the State of *(name)*
_____ , and has its principal place of business in the
State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.     The Defendant(s)

a.     If the defendant is an individual
The defendant, *(name)* Denis McDonough _____ , is a citizen of the
State of *(name)* District of Columbia _____ . *Or* is a citizen of *(foreign nation)* _____ .

b.     If the defendant is a corporation
The defendant, *(name)* _____ , is incorporated
under the laws of the State of *(name)* _____ , and
has its principal place of business in the State of *(name)*
_____ . *Or* is incorporated under the laws of
*(foreign nation)* _____ , and has its principal place
of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

3.   The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Defendant participated in denying plaintiff his civil rights and defaming his character resulting in damage to defendant's professional reputation thus precluding defendant from professional advancement.

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

Plaintiff was a licensed registered respiratory therapist at the John D. Dingell Medical Center (JDDVAMC) in Detroit Michigan whereupon during his entire tenure witnessed prohibited practices which endangered the lives of veterans who are patients at the facilities. For reporting these multiple legal and ethical violations to his supervisors, seven U.S. Secretaries of Veterans Affairs, the U.S. Office of Special Counsel, the U.S. Veterans Affairs Office of Inspector General, three U.S. Presidents, two U.S. Senators, one member of the U.S. House of Representatives, U.S. Senate Committe on Veterans' Affairs, U.S. House Committee on Veterans Affairs, the VA Office of Accountability and Whistleblower Protection and the Equal Opportunity Commission, he was subjected to severe retaliation by management resulting in him filing a complaint to the U.S. Merit Systems Protection Board. The current secretary of Veterans Affairs as well as each of his predecessors ignored his repeated whistleblower acts from March 2015 until the present day and allowed the JDDVAMC's management to subject defendant to a ten day suspension based on non-existent departmental policies and procedures, removal of clinical privileges twice, being accused of defamaion by reporting two non-credentialed staff members working as a respiratory therapists (which is illegal), being accused of attempting to kill a patient by sabotaging a transport ventilator in June 2018 resulting in four now-closed VA Police investigations and a still open VA Administrative investigation, denial of exculpatory ebidence, denial of access to his work emails, two proposed terminations and one effected termination

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Provision of a complete copy of VA Administrative Investigation into the allegation that defendant attempted to kill a patient by sabotaging a transport ventilator. A complete copy of any and all valid policies and procedures for the JDDVAMC Department of Respiratory Care. Revocation of ten day suspension and termination. Reinstatment as a respiratory therapist with the JDDVAMC with lost wages and pension vredits effective from the date of termination.Finnacial compensation of $3,000,000 for pain, suffering, emotional distress, professional and personal defamation.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 19 _____, 20 22 .

Signature of Plaintiff     _____

Printed Name of Plaintiff     George Dimitrios Skrettas _____

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

**Additional Information:**

The privilege of being a licensed and registered respiratory therapist for 27 years, trained and employed in 36 facilities, employed in private, not for profit and federal facilities (in two U.S. States and two countries), a United States Citizen and a former patient in facilities that I have trained or been employed in gives me a unique perspective and a responsibility to speak out about a dire threat to the rule of law in the country I love. Order protects liberty, and liberty protects order. Written laws in the United States are and were made to be enforced. Without equal treatment under the law and special privileges for none, the laws mean nothing since they lack credibility. Without credence, there is no integrity. Today, the integrity of the institution identified as the John D. Dingell Medical Center (henceforth referred to as the JDDVAMC) whose job is to take care of our veterans in their most vulnerable moments while ill is under assault from too many people whose job it should be to protect them.

The rule of law is the bedrock of American democracy. The Supreme law of the land is the Constitution. The Constitution states only one command twice. The Fifth Amendment says to the federal government that no one shall be "deprived of life, liberty or property without due process of law." The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states. These words have as their central promise an assurance that all levels of American government must operate within the law ("legality") and provide fair procedures. The Fifth Amendment's reference to "due process" is only one of many promises of protection the Bill of Rights gives citizens against the federal government. The requirement that government function in accordance with law is, in itself, ample basis for understanding the stress given these words. A commitment to legality is at the heart of all advanced legal systems, and the Due Process Clause often thought to embody that commitment. The clause also promises that before depriving a citizen of life, liberty or property, government must follow fair procedures. Thus, it is not always enough for the government just to act in accordance with whatever law there may happen to be. Citizens may also be entitled to have the government observe or offer fair procedures, whether those procedures have been provided for in the law based on which it is acting. Action denying the process that is "due" would be unconstitutional,

While there is no definitive list of the "required procedures" that due process requires, Judge Henry Friendly generated a list that remains highly influential, as to both content and relative priority:

a) An unbiased tribunal
b) Notice of the proposed actions and the grounds asserted for it.
c) Opportunity to present reasons why the proposed action should not be taken.
d) The right to present evidence, including the right to call witnesses.
e) The right to know opposing evidence
f) The right to cross examine adverse witnesses.
g) A decision based exclusively on the evidence presented.
h) Opportunity to be represented by counsel.
i) Requirement that the tribunal prepare a record of the evidence presented.

7

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

**Additional Information:**

j) Requirements that that the tribunal prepare written findings of fact and reasons for its decision.

In June 2018 I was accused of attempting to kill a patient by sabotaging a transport ventilator. I was denied seven of the above points most notably the right to know opposing evidence when I made FOIA requests for a copy of the VA Police and the VA Administrative investigation into the allegation. In the initial response of FOIA Officer Toysan Jennings to my FOIA requests, her official responses were "no records found" which I then appealed to the VA Office of General Counsel. In November and December 2021, I again submitted FOIA requests for a copy of the VA Police and VA Administrative investigations. Ms. Jennings initially informed the VA Office of General Counsel that she had received no requests from me in November and December 2021, but when I presented copies of my email FOIA requests to her she suddenly changed her tune and three and one half years after the initial investigations, a VA Police report was found by Ms. Jennings, but no VA Administrative investigative report as required by VA Policy. When Ms. Jennings responded with a "no records found " in response to FOIA requests in 2018 for a copy of the VA Police and VA Administrative investigations, I accorded her a presumption of good faith even though I had provided written signed statements denying attempting to sabotage a transport ventilator to VA Police Officer Tomasz Schroeder and then Chief of Respiratory Care Anthony Hilu. However, in December 2018 I was informed by Officer Tomasz Schroeder that he had submitted his police investigation and that there was a police report. I started to doubt Ms. Jennings credibility when I1 obtained a copy of an email sent in October 2018 by Anthony Hilu to EEO investigator Ms. Berry about there being "no documentation" into the investigation that I sabotaged the transport ventilator. I further questioned Ms. Jennings' candor when during an MSPB hearing on April 22 & 23, 2021, Associate Director for Patient care Services Belinda Brown-Tezera in response to my question stated under oath that the allegation that I attempted to kill a patient by sabotaging a transport ventilator is considered a "sentinel event" and that per VA Policy it must be investigated and a report produced within 45 days. Ms. Brown-Tezera further stated that there was a report but then stated that I was still under investigation 32 months after the alleged event occurred. I find Ms. Jennings' responses to not be credible based on her false statements in December 2021 where she stated that I had not submitted a new FOIA request to her. I submitted signed sworn statements to the VA Police and my then boss in my defense and they disappeared and di not exist for three- and one-half years. For nearly four years I have been denied all the evidence in the VA Administrative investigation file. Ms. Brown-Tezera stated under oath that there is a file. Where is it? I must ask the question; Why have I been denied evidence? Is it because it proves my innocence? I have been denied the right to know opposing evidence. The administrative investigation has denied me written findings of fact and reasons for its decision. As of the writing of this letter, I am still under investigation for an alleged incident that is a felony. If I am innocent, then I am entitled to such letter stating the finding of innocence. An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was "reasonably calculated to uncover all relevant documents." Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999). "At summary judgement, a court may rely on [a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averri

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

**Additional Information:**

averring that all files likely to contain responsive materials (is such records exist) were searched."
Ancient Coin Collectors Guild v. U.S. Dep't of State, 641 F. 3d 504, 514 (D.C. Cir 2011). "The agency
cannot limit its search to only one or more places if there are additional sources that are likely to turn up
information requested." Valencia-Lucena, 180 F.3D at 326. The adequacy of a search is "determined
not by the fruits of the search, but by the appropriateness of [its] methods." Iturralde v. Comptroller of
the Currency, 315 F.3d 311, 315 (D.C. Cir. 2003); see also Weisberg v. U.S. Dep't of Justice, 745 F.2d
1476, 1485 (D.C. Cir 1984) ("[T]he issue to be resolved is not whether there might exist any other
documents possibly responsive to the request, but rather whether the search for those documents was
adequate.")

To meet its burden to show that it conducted an adequate search, an agency affidavit should explain
"the search terms and the type of search performed and aver[ments] that all files likely to contain
responsive materials (if such records exist) were searched." Aguiar v. DEA, 865 F. 3d 730. 738 (D.C.
Cir. 2017). "[I]f a review of the record raises substantial doubt, particularly in view of well-defined
requests and positive i8nidications of overlooked materials, then we must deny summary judgement."
Id.

The Agency has denied and continues to deny me access to e report that Ms. Brown-Tezera states exist
and was used to fire me. The Agency through FOIA Officer Toysan Jennings falsely claimed the
non-existence of exculpatory evidence in response to my FOIA requests initially for three- and one-half
years and now continuing for 47 months. These two examples are the denial of due process since with
the false allegation, I was accused of committing a felony which if convicted would have resulted bin
incarceration in a federal penitentiary and the loss of my respiratory license.

With regards to the second part of my complaint, I again assert that the John D. Dingell Medical Center
employs an uncredentialed person in the Department of Respiratory Care. Each member of the
department who is listed as being a respiratory therapist, must possess the "Registered respiratory
therapist credential." During VA OIG inspections on April 15, 2018, and July 27, 2020, I reported that
the department had an employee that was not credentialed working in the department. That employee
was Carlos Wells who has not had a registered respiratory therapist credential since December 2017 as
required by VA wide policy. Mr. Wells has not been registered since December 2017, yet he has been
allowed to work at the facility as a respiratory therapist. Each year since December 1995 I have been
required by every employer that I have had, including the Department of Veterans Affairs to prove that
IU am a registered respiratory therapist, as I should have to. Why does Mr. Wells receive disparate
treatment and why are the individuals allowing him to continue being employed even though he is not
registered allowed to receive no punishment. Why does the VA not enforce their own rule for the past
four years and five months? In my original complaint to your agency, I listed the guilty parties allowing
this illegal behavior. I also repeat my allegation that even though I am registered since 1995, I initially
was accused by a VA Human Resources Officer of not being eligible for hire and denied an opportunity
to be considered for rehire.

7

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GEORGE D. SKRETTAS,

               Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,

            Agency.

DOCKET NUMBER
CH-1221-20-0549-W-1

DATE: May 31, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

George D. Skrettas, Ann Arbor, Michigan, pro se.

Amy C. Slameka, Esquire, and Lauren Russo Ciucci, Esquire, Detroit,
  Michigan, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which granted in part and denied in part his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to find that the appellant made a protected disclosure when he disclosed that a former Respiratory Therapist did not have the proper credentials, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant is a GS-08 Registered Respiratory Therapist in Detroit, Michigan, who engaged in the following whistleblowing activities:  (1) reporting to the Department of Veterans Affairs (VA) Secretary in July 2017 that an individual who was not properly licensed had been employed by the agency as a Respiratory Therapist, and the Respiratory Care Service lacked adequate policies and procedures, and (2) filing a complaint with the Inspector General (IG) in July 2018 reiterating the same disclosure, as well as disclosing that employees were issuing medication without entering it into the Bar Code Medication Administration System (BCMA).  Initial Appeal File (IAF), Tab 2 at 4, Tab 9 at 68; Hearing Transcript (HT) (testimony of the appellant).  The appellant was subjected to several personnel actions taken by his first- and second-line supervisors, to include a 10-day suspension, removal of his patient-care duties, a July 9, 2018 detail to the Social Work Service, and an unacceptable performance

evaluation issued on December 3, 2018. IAF, Tab 9 at 52, Tab 36 at 4, 27, Tab 77 at 10-16; HT (testimony of the appellant).

¶3      On January 15, 2019, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency had retaliated against him for his protected disclosures and activities. IAF, Tab 6 at 26-34. After OSC closed its investigation, the appellant filed a timely IRA appeal, and after notifying him of the proper legal standards, the administrative judge determined the Board had jurisdiction over his appeal. IAF, Tabs 1, 4, 11. A hearing was held, and the administrative judge issued an initial decision finding that the appellant made a protected disclosure when he disclosed that the Respiratory Care Service lacked adequate procedures and policies, and engaged in a protected activity when he filed an IG complaint. IAF, Tab 89, Initial Decision (ID) at 10-11. After finding that the appellant met the contributing factor standard, the administrative judge found that the agency established by clear and convincing evidence that it would have suspended the appellant, removed his patient-care duties, and detailed him absent his whistleblowing, but failed to establish that it would have issued him an unacceptable performance rating absent whistleblowing. ID at 11-29. Thus, the administrative judge granted the appellant's request for corrective action in part, and denied the request in part. ID at 29.

¶4      The appellant has filed a petition for review reiterating his argument that the unlicensed Respiratory Therapist had unlawfully performed her duties because she did not have the proper credentials. Petition for Review (PFR) File, Tab 1 at 7, 12. The agency has responded in opposition to the petition for review, but does not challenge the finding of reprisal for whistleblowing. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>Contrary to the administrative judge's findings, the appellant established by preponderant evidence that he made a protected disclosure when he disclosed that an employee did not have the proper licensing to be a Respiratory Therapist.</u>

¶5        In the initial decision, the administrative judge found that the appellant's disclosure that the agency employed a Respiratory Therapist lacking proper credentials was not protected because he had not established that he had a reasonable belief that the disclosure evidenced a violation of law, rule, or regulation.[2]  ID at 9.  Specifically, the administrative judge found the employee, who had retired in December 2015, was not employed as a Registered Respiratory Therapist, but instead was employed as a lower grade Respiratory Therapist.  ID at 8-9.  The administrative judge also found that her duties were appropriate for her credentials, and there was no evidence that this employee acted outside of the scope of her position.  *Id.*  On review, the appellant claims that he witnessed this employee "perform all the duties of a Respiratory Therapist despite not having any credentials as a Respiratory Therapist" which he asserts is illegal in the state of Michigan.  PFR File, Tab 1 at 7, 12.

¶6        Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), after the appellant makes a nonfrivolous allegation of jurisdiction, he must prove by preponderant evidence that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D) and; (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of the*

---

[2]  We agree with the administrative judge's finding that the appellant did not hold a reasonable belief that such disclosure evidenced a substantial and specific danger to public health or safety, because the individual was no longer employed by the agency, and thus the danger was neither substantial nor specific.  *See Miller v. Department of Homeland Security*, 111 M.S.P.R. 312, ¶ 6 (2009) (stating that disclosures regarding danger to the public must be both substantial and specific to be protected and mere speculative danger is not protected); ID at 9.

*Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  Whether an employee has a reasonable belief is determined by an objective test:  whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the matters disclosed show one of the categories of wrongdoing set out in the statute.  *Id.*, ¶ 6.  The appellant does not have to prove that the matter disclosed actually violated a law, rule, or regulation; rather, the appellant must show that the matter disclosed was one which a reasonable person in his position would believe evidenced such a violation. *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015).

¶7          We find that the appellant held a reasonable belief that the employee discussed above did not have the licensing required to be a Respiratory Therapist in violation of law, rule, or regulation.  According to the American Association for Respiratory Care (AARC), a respiratory therapist, whether a certified respiratory therapist (CRT) or a registered respiratory therapist (RRT), must have "an associate degree, bachelor's degree, or a master's degree from [an accredited] respiratory therapy education program."  *What is an RT? Credentials—CRT and RRT*, AARC.ORG, https://www.aarc.org/careers/what-is-an-rt/requirements/ (last visited May 31, 2022).  Further, Michigan's Public Health Code provides:  "[a]n individual shall not engage in the practice of respiratory care or provide or offer to provide respiratory care services unless licensed under this part."  Mich. Pub. Health Code § 333.18707(1).  While the statute allows for individuals without a license to practice respiratory care under certain circumstances, these exceptions prohibit these individuals from using specific titles, to include "respiratory therapist."  Mich. Pub. Health Code §§ 333.18707, 333.18703.

¶8          The employee at issue had a certificate from a hospital respiratory program from 1963, but had never completed her schooling, and thus, did not have a degree.    HT (testimony of the second-line supervisor, testimony of the Administrative Officer); IAF, Tab 36 at 22.  Based upon the plain language of AARC's guidelines, because she did not have a degree, she could not be licensed

as respiratory therapist, either a CRT or RRT. However, she was employed as a Respiratory Therapist by the agency, which appears to be contrary to the state's public health code. Mich. Pub. Health Code §§ 333.18707, 333.18703; IAF, Tab 34 at 94. Thus, although this employee may have been able to operate as a non-credentialed Respiratory Therapist, we nevertheless find that there is sufficient evidence that would lead a reasonable person in the appellant's position to believe that her employment violated law, rule, or regulation. Accordingly, we modify the initial decision to reflect that this disclosure is protected.

The additional protected disclosure does not affect the remainder of the administrative judge's analysis.

¶9    Despite the administrative judge's erroneous finding regarding the appellant's disclosure about the respiratory therapist, that error does not affect the outcome of this appeal. As discussed above, the administrative judge found that the appellant established that his protected disclosure and activity contributed to the personnel actions, and the inclusion of the additional disclosure does not impact that analysis. ID at 13-14.

¶10    If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is given the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. *Salerno*, 123 M.S.P.R. 230, ¶ 5. In determining whether an agency has met its burden, the Board will consider all relevant factors, including the following: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who do not engage in such protected activity, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

¶11         As for the analysis of the agency's burden to show by clear and convincing evidence that it would have taken the same personnel actions absent the protected disclosures and activity, the additional disclosure regarding the unlicensed Respiratory Therapist has at most a negligible impact on only one of the *Carr* factors, i.e., the agency's motive to retaliate.  The underlying allegation was not significant, as the employee had retired over a year prior to the disclosure, and the agency explained that the employee had been "grandfathered" in and was able to operate as a non-credentialed Respiratory Therapist at the GS-06 level. HT (testimony of the Administrative Officer).  This appeared to have been the general understanding at the agency, as several members of the Respiratory Care Service staff testified that this was their understanding of the situation.  HT (testimony of the Associate Director of Patient Care Services, testimony of a Registered Respiratory Therapist, testimony of the first-line supervisor, testimony of the second-line supervisor).  Furthermore, there is no evidence that anyone at the agency suffered negative consequences as a result of this disclosure.  Thus, while an additional protected disclosure or activity may arguably add to an agency's motive to retaliate, given the circumstances present here, we find that an additional disclosure had at most a negligible effect on the motive to retaliate.[3]

---

[3] The agency failed to present evidence of the third *Carr* factor.  ID at 20-21, 26-28. We reiterate that it is the agency's burden to establish that it met the clear and convincing standard.  *Whitmore v. Department of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012).  Because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency.  *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018). Here, the agency did not present comparator evidence.  Under the circumstances, the third *Carr* factor does not weigh in the agency's favor.  *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 18.  However, even if the third *Carr* factor does not weigh in favor of the agency or even cuts slightly against it, it has no impact on the administrative judge's determination that the agency met its burden of proof or the outcome of this case because the other factors outweigh the lack of comparator evidence.  *See Rickel v. Department of the Navy*, 31 F.4th 1358 (Fed. Cir. 2022) (noting that the absence of evidence on *Carr* factor three "will not *necessarily*" prevent the agency from meeting its burden); *see also Panter v. Department of the Air Force*,

¶12      In conclusion, because the administrative judge's remaining findings in the initial decision are well-reasoned, detailed, and supported by the record, we discern no basis for disturbing them, except as expressly modified above.[4] *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (declining to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## ORDER

¶13      We ORDER the agency to rescind the December 3, 2018, unacceptable performance appraisal and reissue the performance appraisal rating the appellant

---

22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[4] On review, the appellant disputes the administrative judge's finding that the agency's investigation into an allegation that he tampered with a patient's ventilator was not a covered personnel action because a qualifying personnel action was not taken in conjunction with the retaliatory investigation. ID at 12; PFR File, Tab 1 at 9-13. Specifically, he argues that his second-line supervisor "authored a letter which proposed that [he] be terminated" as a result of the investigation. PFR File, Tab 1 at 12. This letter, addressed "to whom it may concern," summarizes the second-line supervisor's findings of the investigation and concludes that the appellant should be removed, but there is no evidence in the record that indicates where this letter was sent, whether it was provided to the appellant before litigation, or if any agency officials involved in the personnel actions at issue viewed this letter. IAF, Tab 36 at 5-6. Furthermore, this is the first time the appellant has articulated an argument that this letter was connected to the investigation. He failed to raise such an argument with the administrative judge, despite having ample opportunity to do so. Indeed, the appellant objected to the administrative judge's prehearing order excluding this investigation and failed to raise any argument about this letter despite it being in the record at that time. IAF, Tab 79 at 5-6. Further, the appellant was aware that this letter was in the record, because he asked his second-line supervisor during the hearing if he had ever authored a letter proposing his removal. HT (testimony of the second-line supervisor). The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). Accordingly, because this evidence was in the record, the appellant knew of its existence, and he still failed to raise the argument before the administrative judge, we decline to consider the argument for the first time on review.

as fully successful in all elements.  The agency must complete this action no later than 20 days after the date of this decision.

¶14     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶15     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR COMPENSATORY DAMAGES

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other

reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE PARTIES

A copy of the decision will then be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[6]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6]   The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.   The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.   Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| George Dimitrios Skrettas<br>1540 King George Court<br>Ann Arbor, MI 48104 | Denis, McDonough, Secretary U.S. Department of Veterans Affairs<br>810 Vermont Avenue, N.W.<br>Washington, D.C. 20420 |

**(b)** County of Residence of First Listed Plaintiff    Washtenaw
       *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    District of Columbia
       *(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Case:5:22-cv-11439
Judge: Levy, Judith E.
MJ: Grey, Jonathan J.C.
Filed: 06-20-2022 At 04:23 PM
CMP SKRETTAS V. U.S. DEPARTMENT OF
VETERANS AFFAIRS (DA)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government<br>*Plaintiff* | ☐ 3 | Federal Question<br>*(U.S. Government Not a Party)* |
| ☑ 2 | U.S. Government<br>*Defendant* | ☐ 4 | Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | |
|---|---|---|---|---|
| ☑ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
5 U.S.C. 7703(b)(2); see Perry v. Merit Systems Protection Board, 582 U.S. __, 137S.Ct. 1975 (2017)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $ 2,600.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE    Raymond A. Limon, Tristan L. Leavitt    DOCKET NUMBER   MSPB CH-1221-20-0549-W-1

DATE    June 18, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　■ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　　Other than stated above, are there any pending or previously
　　　　　discontinued or dismissed companion cases in this or any other　■ Yes
　　　　　court, including state court? (Companion cases are matters in which　☐ No
　　　　　it appears substantially similar evidence will be offered or the same
　　　　　or related parties are present and the cases arise out of the same
　　　　　transaction or occurrence.)

If yes, give the following information:

Court: U.S. Merit Systems Protection Board _____

Case No.: CH-1221-20-0549-W-1 _____

Judge: Judge Mary Senoo _____


Notes :



U.S. POSTAGE
$1.96
FCMF
Orig. 48103
Dest. 48226
06/19/22
2000051523
CPU

From
George Skertlas
17oking George Court
Ann Arbor, MI 48104-692 7

United States District Court
District of Mi
Clerk's Office
Theodore Levin U.S. Co...
231 W. Lafayette Blvd.
Detroit, MI 48226